UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE DUDEK,

                        Plaintiff,

v.                                               Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michelle Dudek is a natural person residing in the County of Niagara and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC (hereinafter "MAB") is a domestic limited liability corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

1

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to HSBC Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant MAB was then employed by the account holder to collect on the subject debt.

13. That on or about March 23, 2009, Defendant contacted Plaintiff over the telephone. Defendant caller identified himself as "Al". Defendant told Plaintiff that the subject debt needed to be resolved before it went to judgment, and then the telephone call was abruptly disconnected.

14. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands.

15. That on or about March 23, 2009, Plaintiff called back Defendant MAB. Defendant explained that she was entering into a settlement with James A. West, P.C., another debt collector collecting on the subject debt. Defendant MAB requested copies of the documents stating Plaintiff was settling the debt and that it was from the offices of James A. West. Defendant also stated that the subject debt was going to go to the final stage of judgment, and that they needed to check and see what James A. West was offering.

16. That on or about May 2, 2009, despite already having Plaintiff's contact information Defendant MAB called Plaintiff's son Mathew Heffler. Plaintiff's son did not answer the initial call so Defendant MAB left a message. Plaintiff's son then called Defendant on the number left by Defendant and explained that number they called was not Michelle Dudek's and to stop calling.

17. That on or about May 2, 2009, despite already having Plaintiff's contact information, Defendant called Plaintiff's daughter-in-law, Bethany Heffler's cellular phone. Plaintiff's daughter-in-law did not answer and Defendant left a message.

18. That on or about May 13, 2009, Defendant again called Plaintiff's son Matthew Heffler. Plaintiff's son answered the telephone call and spoke with Defendant. Plaintiff's son

2

explained again that Plaintiff Michelle Dudek did not live there, it was not her telephone number, and to stop calling. Defendant told Plaintiff's son that he called because the telephone number was listed as an alternate contact number for Plaintiff.

19. That on or about May 13, 2009, Defendant contacted Plaintiff by telephone. Plaintiff explained to Defendant that she was disabled and was waiting to receive disability compensation payments and could not pay until she received said payments. Plaintiff then requested that Defendant stop all calls in connection with collection of the subject debt.

20. That on or about May 2009, despite Plaintiff's requests to stop all calls in connection to the subject debt, Defendant continued to call Plaintiff. Defendant called Plaintiff numerous times and left messages on her cellular phone. Said messages to Plaintiff's cell phone contained no mini-miranda warning that the communication was from a debt collector in an attempt to collect a debt.

21. That on or about July 2009, Defendant once again contacted Plaintiff's son despite the prior requests to stop calling that number.

22. That on August 2009, Defendant contacted Plaintiff and left a message on her cellular telephone's voicemail despite Plaintiff's requests to stop calling this number.

23. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692b(3) and 15 U.S.C. §1692d by contacting Plaintiff's son and daughter in law more than once, despite already having Plaintiff's contact information.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by deceptively and falsely stating that the subject debt needed to be resolved before it went to judgment and that subject debt was on its way to the final stage of judgment. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant

would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands. Defendant had neither the intent nor legal authority to take said actions and thus used a false representation/deceptive means, in an attempt to collect the subject debt.

   D. Defendant violated 15 U.S.C. §1692e(11) by contacting Plaintiff and leaving message on Plaintiff's answering machine that did not contain the required mini-miranda warning that the call was from a debt collector in an attempt to collect a debt.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 23, 2009

_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com